UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS PEREZ RAMOS,            )<br>                              )<br>         Plaintiff,           )<br>                              )   Civil Action No. 1:24-cv-00215 (UNA)<br>     v.                       )<br>                              )<br>STEVEN CLARK,                 )<br>                              )<br>         Defendant.           ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants plaintiff's IFP application, and for the reasons explained below, this case is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Sterling, Virginia, sues Steven Clark, a resident of Annapolis, Maryland. Compl. at 1. He broadly alleges that, on March 14, 2023, he "did a job" for defendant, involving real property located in the District of Columbia, but defendant never paid him for his work. *See id*. He demands $29,160, the amount that he is allegedly owed. *See id*.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A plaintiff seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff has not stated a federal question. *See* 28 U.S.C. § 1331. He has also failed to establish diversity jurisdiction, *see* 28 U.S.C. § 1332(a), because he has clearly pleaded an amount in controversy that falls well below the $75,000 threshold. *See* 28 U.S.C. § 1332(a); *see also Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993) (instructing that a plaintiff "bears the burden of establishing the amount in controversy"); *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) (finding that, if it is "certain," from the face of the pleadings that a claim is "really for less than the jurisdictional amount[,]" the case must be dismissed for want of jurisdiction) (footnotes omitted).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 23, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge